UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBBIE A. THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>Defendants. | Case No. 15-cv-04885-BLF<br><br>**ORDER (1) TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION AND (2) VACATING HEARING AND CASE MANAGEMENT CONFERENCE**<br><br>[Re: ECF 1, 28] |

Plaintiff, a California resident, brought this action asserting exclusively state law claims against JPMorgan Chase Bank, N.A. ("Chase"), an Ohio citizen, and Quality Loan Service Corporation ("QLS"), a California citizen, in state court. *See* ECF 1-1, Compl. Chase removed the case on the basis of diversity jurisdiction, *see* ECF 1, Notice of Removal ¶ 4, and then moved to dismiss the case. ECF 8.

Before a federal court can reach the merits of a dispute, it must first confirm that it retains subject matter jurisdiction to adjudicate the issue presented. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94–95 (1998). Federal courts are therefore "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (internal citations omitted).

Such doubt is present here because QLS is a California citizen, which appears to destroy diversity. Chase addresses this issue in its Notice of Removal, arguing that QLS, as a trustee, is a nominal defendant whose citizenship is therefore irrelevant to the diversity analysis. Notice of Removal ¶ 13. However, courts in this district have remanded numerous cases to state court because of a trustee's citizenship—including that of QLS in particular. *See, e.g., Newman v. Select Portfolio Servicing, Inc.,* No. C-13-03685 JSC, 2013 WL 5708200 (N.D. Cal. Oct. 21, 2013);

*Hernandez v. First Horizon Loan Corp.*, No. C 11-00200 SBA, 2011 WL 2531959 (N.D. Cal. June 24, 2011). Similarly, courts in this district have remanded cases where, as here, the trustee had filed a declaration of non-monetary status in the state action—which allows a trustee not to participate in an action if "no objection [to the declaration] is served within . . . 15-day[s]," Cal. Civ. Code § 2924l—but the case was removed to federal court before the 15 days ran. *See, e.g., Newman*, 2013 WL 5708200 at *2; *Hernandez*, 2011 WL 2531959 at *2; *Wise v. Suntrust Mortg., Inc.*, No. 11-1360 LHK, 2011 WL 1466153, at *4 (N.D. Cal. Apr. 18, 2011).

Accordingly, the Court ORDERS the parties TO SHOW CAUSE why this case should not be remanded back to Santa Clara County Superior Court for lack of subject matter jurisdiction. The parties shall each file a brief of no more than five pages on or before March 30, 2016.

In addition, the Court VACATES the hearing for Chase's Motion to Dismiss and the Initial Case Management Conference, both set for March 24, 2016.

**IT IS SO ORDERED.**

Dated: March 18, 2016

_____
BETH LABSON FREEMAN
United States District Judge

2