# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| DEBBIE A. THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No.  15-cv-04885-BLF<br><br>**ORDER REMANDING CASE, VACATING CASE MANAGEMENT CONFERENCE, AND DENYING MOTION TO DISMISS AS MOOT**<br><br>[Re: ECF 8, 29, 32] |

Plaintiff, a California resident, brought this action asserting exclusively state law claims against JPMorgan Chase Bank, N.A. ("Chase"), an Ohio citizen, and Quality Loan Service Corporation ("QLS"), a California citizen, in state court. *See* Compl, ECF 1-1. Chase removed the case on the basis of diversity jurisdiction notwithstanding QLS' citizenship. Notice of Removal ¶ 4, ECF 1.

The Court *sua sponte* ordered the parties to show cause why this case should not be remanded to Santa Clara Superior Court for lack of subject matter jurisdiction. ECF 29. Chase responded, arguing that QLS is both a nominal and fraudulently-joined party whose citizenship the Court may ignore for diversity purposes. ECF 30. Plaintiff responded that QLS is neither nominal nor fraudulently joined and that the case should therefore be remanded. ECF 31. For the reasons set forth below, the Court REMANDS the case back to state court.

**I.　BACKGROUND**

Plaintiff is a resident of California who allegedly owns the real property located at 18285 Constitution Avenue, Monte Sereno, CA 95030 ("Property"). Compl. at 2. Plaintiff alleges that she took out a loan on the Property from Washington Mutual Bank, F.A ("WAMU") on June 14, 2006. *Id.* ¶¶ 7, 24. Plaintiff identifies Chase as her purported loan servicer and QLS as the

purported agent for the beneficiary, but alleges that Defendants conspired to falsely take these positions through a void assignment of her deed of trust. *Id.* ¶¶ 2, 4, 43.

Plaintiff alleges that, on September 25, 2008, the Office of Thrift Supervision seized WAMU, and that WAMU ceased to exist in 2008 and therefore ceased to have a contractual relationship with Plaintiff. *Id.* ¶¶ 9, 34. Chase then purchased WAMU's assets from FDIC, but Plaintiff alleges that, at the time of the sale, her loan was not an asset of WAMU and that Chase has never acquired a beneficial interest in her loan. *Id.* ¶¶ 9, 31, 33, 35.

Plaintiff alleges that Chase nevertheless executed an assignment of her deed of trust in November 2010 and that this assignment, as well as all subsequent instruments regarding her deed, are void forgeries. *Id.* ¶¶ 10, 14, 36, 38. This includes the Notice of Trustee Sale ("NOTS") that Plaintiff alleges QLS executed and recorded in the Santa Clara County Recorder's Office on July 22, 2015. *Id.* ¶ 39. Plaintiff alleges that the NOTS is void for false statements and that QLS not only knew of their falsity, but also knowingly relied on a forgery/void assignment to claim an interest in Plaintiff's contract. *Id.* ¶¶ 40, 56. In addition, Plaintiff alleges that QLS was never lawfully substituted by the named lender as the new trustee and that it never recorded a valid substitution of trustee granting it the power of sale. *Id.* ¶¶ 56, 88-89, 98, 102. Plaintiff alleges that QLS falsely presented itself to Plaintiff and the public as the bona fide trustee. *Id.* ¶ 98.

Plaintiff additionally alleges that Defendants failed to provide her with the disclosures required by California Civil Code §§ 2924.17(a) and (b), and that they failed to ensure that the necessary documents were complete and reliable. *Id.* ¶¶ 43-44, 87.

Based on that alleged misconduct, Plaintiff sued Defendants in Santa Clara Superior Court for (1) intentional interference with contractual relations, (2) negligent misrepresentation, (3) violation of California Civil Code § 2924.17, and (4) a final injunction under California Civil Code § 3422. Chase then removed the case to this Court, the Court issued an Order to Show Cause why this case should not be remanded back, and both parties responded.

**II.     LEGAL STANDARD**

A defendant may remove a state court action to federal court if the action could have been brought there originally. 28 U.S.C. § 1441(b). Removal may be proper on the basis of complete

2

1  diversity of citizenship between the plaintiffs and defendants and where the amount in controversy
2  exceeds $75,000.00.  28 U.S.C. § 1332(a). The removing defendant must also obtain consent of all
3  defendants, with the exception of nominal parties, in addition to the requirements of diversity. 28
4  U.S.C. § 1446(b); *see also Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-1233 (9th Cir. 1986).

5  For the purposes of determining diversity, "the presence of a nominal party with no real
6  interest in the controversy will be disregarded." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300
7  F.3d 1129 (9th Cir. 2000); *see also Roth v. Davis*, 231 F.2d 681, 683 (9th Cir. 1956). In addition,
8  "one exception to the requirement of complete diversity is where a non-diverse defendant has been
9  fraudulently joined." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067–68 (9th Cir. 2001);
10 *see also Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent
11 '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is
12 obvious according to the settled rules of the state.'" *Hunter*, 582 F.3d at 1043 (quoting *Hamilton
13 Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).

14 "If at any time before final judgment it appears that the district court lacks subject matter
15 jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). In considering whether removal
16 was proper, the federal court must strictly construe the removal statute. *See Watson v. Gish*, No. C
17 10-03770 SBA, 2011 WL 2160924, at *2 (N.D. Cal. June 1, 2011) (quoting *Luther v. Countrywide
18 Home Loans Servicing, LP,* 533 F.3d 1031, 1034 (9th Cir. 2008)). "The presumption against
19 removal means that the defendant always has the burden of establishing that removal is proper."
20 *Id.* (quoting *Moore–Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009)). "[A]ny
21 doubts regarding the proprietary of the removal favor remanding a case." *Id.*

22 **III.   DISCUSSION**
23 The parties do not dispute that QLS is a California corporation. Instead, they disagree on
24 whether QLS is a nominal and/or fraudulently joined defendant whose citizenship can be ignored
25 for diversity jurisdiction purposes.
26 Chase contends that QLS is both nominal and fraudulently joined because Plaintiff
27 challenges it for nothing more than performing its duties as a trustee at Chase's direction. Def.'s
28 Response at 3, ECF 30. Plaintiff responds that she has placed QLS' status as a trustee in dispute

3

1 and the Court therefore cannot find either that QLS is nominal or fraudulently joined. *See* Pl.'s
2 Response at 2, ECF 31. The Court first considers whether QLS is a nominal defendant.

### A. Nominal Defendant

A nominal defendant is an entity that "holds the subject matter of the litigation in a subordinate or possessory capacity and to which there is no dispute." *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). "The paradigmatic nominal defendant is a trustee, agent, or depositary who is joined purely as a means of facilitating collection." *Id.* (internal quotations and citation omitted). "As the nominal defendant has no legitimate claim to the disputed property, he is not a real party in interest." *Id.* "Accordingly, there is no claim against him and it is unnecessary to obtain subject matter jurisdiction over him once jurisdiction of the defendant is established." *Id.*; *see also Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (internal quotations omitted).

Chase contends that QLS fits this definition because it is neither the lender, nor the real party in interest as to any of Plaintiff's claims. Def.'s Response at 3. Chase argues that all of Plaintiff's allegations against QLS stem from Chase's misconduct, rather than any independently wrongful act by QLS. *Id.* at 3. Plaintiff responds that she has put QLS' purported role as a trustee in dispute. Pl.'s Response at 2.

Having reviewed the pleadings, the Court disagrees with Defendant. Plaintiff alleges independent wrongdoing by and brings claims against QLS. Specifically, Plaintiff alleges that QLS knowingly executed and recorded a false NOTS for its own benefit and that QLS knowingly misrepresented itself as a valid trustee. *Id.* ¶¶ 40, 56, 88-89, 98. In other words, Plaintiff challenges QLS not for acting as a trustee at Chase's direction, but for fraudulently misrepresenting itself as a trustee and unlawfully engaging in the conduct of a trustee for its own gain. In addition, Plaintiff seeks relief against QLS, including an injunction, statutory damages, damages for emotional distress, and exemplary and punitive damages. *Id.* ¶¶ 63-68, 102-107, 117-120. Based on these allegations, QLS has an interest in the action and is not "joined purely as a means of facilitating collection." *See Colello*, 129 F. 3d at 676.

This determination is consistent with *Prasad v. Wells Fargo Bank, N.A.*, No. C11-894-

RSM, 2011 WL 4074300, at *3 (W.D. Wash. Sept. 13, 2011), the case upon which Chase relies most heavily. *See* Def.'s Response at 1-2. While the court in *Prasad* determined that an actor alleged to be a trustee and nothing more was a nominal defendant, the court distinguished its case from "instances in which courts have held that a trustee under a deed of trust is not a nominal defendant . . . [because the] plaintiffs asserted causes of actions directly against the trustee." *Id.* at *3. The Court finds that this case falls into the latter category, as Plaintiff brings causes of action against and seeks damages from QLS.

The only case that Chase offers from this district, *Reynoso*, does not persuade the Court otherwise. In *Reynoso*, the trustee had filed a Notice of Nonmonetary Status, thereby "establish[ing] that it is merely a nominal defendant." *Reynoso v. Paul Fin., LLC,* No. 09-3225 SC, 2009 WL 3833494, at *1 (N.D. Cal. Nov. 16, 2009). QLS did not file such a notice here.

Furthermore, as the Court noted in its Order to Show Case, numerous courts in this district have remanded cases back to state court because of a trustee's citizenship—including that of QLS in particular. *See, e.g., Newman v. Select Portfolio Servicing, Inc.,* No. C-13-03685 JSC, 2013 WL 5708200 (N.D. Cal. Oct. 21, 2013); *Hernandez v. First Horizon Loan Corp.*, No. C 11-00200 SBA, 2011 WL 2531959 (N.D. Cal. June 24, 2011). While Chase attempts to distinguish *Newman* by arguing that the plaintiff alleged that QLS violated a statute that specifically applies to trustees, the Court finds this to be a distinction without a difference. As noted above, Plaintiff has alleged claims against QLS based on actions separate from those taken or directed by Chase.[1]

Finally, Chase challenges Plaintiff's allegation that QLS has never been lawfully substituted as a trustee. Chase asks the Court to take judicial notice of a Substitution of Trustee that appoints QLS as trustee in 2015. *See* ECF 9-5. Plaintiff objects to the Court taking judicial notice of any facts contained within the substitution. Pl.'s Response at 3; *see also* Pl.'s Objection to RJN, ECF 23. The Court GRANTS Chase's request for judicial notice of the Substitution of

---

[1] Chase also contends that QLS is a nominal defendant because it cannot be liable under California Civil Code § 2924.17, which is directed at mortgage servicers. Def.'s Response at 3. Because Plaintiff challenges QLS for conduct that is independent of the alleged § 2924.17 violation—such as intentional interference with contractual relations—the Court need not reach this argument to find that QLS has an interest in this action as pled.

5

Trustee, but does not thereby accept the truth of the facts stated therein.

Chase argues that the recording itself "constitute[s] conclusive evidence of the authority of the substituted trustee . . ." Def.'s Response at 3 (quoting Cal. Civ. Code § 2934a(d)). However, the quoted section continues "to act pursuant to this section." Cal. Civ. Code § 2934a(d). Even if the Court were to accept that QLS is a recorded and therefore authorized trustee, the Court could not conclude that this authority extended to QLS' alleged misconduct of knowingly recording false documents for its own benefit. Thus, the Court agrees with Plaintiff that, as pled, QLS is not a nominal defendant.

### B. Fraudulently-Joined Defendant

The Court next considers Chase's position that QLS is a fraudulently-joined defendant whose citizenship may therefore be ignored for the jurisdictional analysis. "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McGabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Chase argues that, here, the facts show no basis on which to hold QLS liable because the allegations against QLS are merely derivative of the allegations against Chase. Def.'s Response at 4-5. As discussed above, the Court disagrees, finding that Plaintiff has alleged independent misconduct on QLS' part.

Accordingly, keeping in mind that "any doubts regarding the proprietary of the removal favor remanding a case," the Court REMANDS this case back to Santa Clara County Superior Court for lack of subject matter jurisdiction. The Court VACATES the parties' Initial Case Management Conference, set for May 12, 2016, and DENIES Chase's Motion to Dismiss as moot.

**IT IS SO ORDERED.**

Dated:  May 9, 2016

_____
BETH LABSON FREEMAN
United States District Judge